IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. BK 05-43452 |
| | ) | |
| Douglas Dale Johnson | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| Brunswick State Bank, | ) | A05- ____________ |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| Douglas Dale Johnson, | ) | |
| Defendant. | ) | |

Brunswick State Bank, a creditor herein, for its complaint, state and alleges as follows:

Parties and Jurisdiction

1. This is a voluntary Chapter 7 bankruptcy commenced by voluntary petition filed August 29, 2005.

2. Brunswick State Bank is a state chartered banking institution doing business in Brunswick, Antelope County, Nebraska [hereinafter "Bank"].

3. Debtor Douglas Dale Johnson, is an individual residing in Boyd County, Nebraska [hereinafter "Debtor"].

4. This Court has jurisdiction under 28 U.S. C. §1334. Venue is proper under 28 U.S.C. §1409. This is a core proceeding under 28 U.S.C. §157(d)(2)(I) and (J).

5. Debtor has had a customer relationship with Bank for several years prior to 2004.

Count I

(Non-dischargeability under 11 U.S.C. §523(a) (2))

6. The allegations of Paragraph 1 through 5 hereof are incorporated herein by this reference.

7. On August 9, 2004, in order to obtain a loan, Douglas Johnson pointed out and identified to Denny Pierce, a Bank Officer, 28 fat cattle, 3 feeder calves and one cow/calf pair at his father's facilities in Boyd County, Nebraska representing that the cattle identified were the property of the Debtor.

8. On August 9, 2004, in order to obtain a loan, Douglas Johnson made and executed a statement in writing in which he warranted and represented that he was owner of record, free and clear of all encumbrances other than those of the Bank, of the identified 28 fat cattle, 3 feeder calves, and one cow/calf pair, 10 tons of hay, and 3 tons of straw, stating "cattle are in good shape will have Fats ready to sell within 60 days." A true and correct copy of that statement is attached hereto as Attachment A and incorporated herein by reference.

9. In reliance upon such written representations and oral representations described in Paragraphs 7 and 8 above, on August 10, 2004, Bank made a loan of $9,200.00 to Debtor as represented by a promissory note made and declined by Debtor to Bank, a true and correct copy of which is attached hereto as Attachment B and incorporated herein by reference.

10. In further reliance upon the representations made as described in Paragraphs 7 and 8 above, Debtor signed and delivered to bank a Commercial Security

Agreement dated August 11, 2004 a true and correct copy of which is attached as Attachment C hereto to secure said indebtedness. This security interest in Accounts, Inventory, Equipment, Farm Products and other personal property as described therein was properly perfected by recording of a U.C.C. Financing Statement with the Secretary of State's office on August 30, 2004, proof of filing of which is attached hereto and incorporated herein as Attachment D. The Bank's interests were also protected by filing a Nebraska Effective Financing Statement on August 30, 2004, a true and correct copy is attached hereto as Attachment E.

11.    On information and belief, Bank alleges that the oral representations described in paragraph 7 above were false; that Debtor knew that said representations was false; that Debtor made such representations to induce Bank to rely thereon; that Bank did reasonably rely thereon to its detriment; and Bank extended credit and advanced funds to Debtor in reliance thereon.

12.    On information and belief, Bank alleges that the written representations described in paragraph 8 above were false; that Debtor knew that said representation was false; that Debtor made such representation that the same to induce Bank to rely thereon; that Bank did reasonably rely thereon to its detriment; and Bank extended credit and advanced funds to Debtor in reliance thereon.

13.    At the time this bankruptcy was filed, Debtor was indebted to Bank on the promissory note dated August 10, 2004, Attachment B, in the principal amount of $6,257.13 plus accrued interest thereon at 8% per annum from and after July 19, 2005.

14.    The loan evidenced by Attachment B attached hereto is and should be declared non-dischargeable under 11 U.S.C. §523 (a)(2) (A) and (B).

Count II

( Non-Dischargeabiltiy under 11 U.S.C. §523 (a)(2))

15. The allegations of Paragraph 1 through 14 hereof are incorporated herein by this reference.

16. On November 12, 2004, Debtor signed and made written representations to the Bank of Debtor's ownership of 35 fat cattle and $3000.00 worth of machinery as set forth in Attachment F hereto,

17. On November 12, 2004, in reliance upon the representations set forth in Attachment F hereto, Bank renewed and extended a line of credit to Debtor, renewing a balance due and allowing additional draws under a Note dated November 12 2004, a true and correct copy of which is attached hereto as Attachment G.

18. Debtor thereafter took additional advances from the Bank on the line of credit stating that the funds were to be used to purchase six more feeder steers.

19. Notwithstanding such representations and notwithstanding the failure to obtain any permission to sell or dispose of cattle, Debtor now claims to own only five calves and a calf feeder as collateral for Bank's loan as set forth in the schedules filed herein. Debtor has admitted that such statement was false and claims that the cattle he did have subsequently died.

20. Debtor obtained money and extension of credit from Bank by making a materially false representations to Bank, orally and in writing, as to ownership of cattle on August 9, 2004 and in a written statement made and delivered November 12, 2004 upon which representation Bank relied to extend credit to Debtor which reliance was intended to be induced reliance and which proximately caused loss or damage to Bank.

21. The loan evidenced by Attachment G attached hereto is and should be declared non-dischargeable under 11 U.S.C. §523 (a)(2) (A) and (B).

Count III

(Denial of Discharge under 11 U.S.C. §727(a) (4))

22. The allegations of Paragraph 1 through 21 hereof are incorporated herein by this reference.

23. In his Statement of Affairs filed in this case on August 28, 2005 in the case and in connection with the case with fraudulent intent to deceive, Debtor stated that in response Item 8 that he had "None" in response to inquiry as to casualty losses in the passed year under penalty of perjury.

24. In a 2004 Examination under oath on October 11, 2005 and in connection with the case with fraudulent intent to deceive, Debtor swore that the Statement of Affairs was true and correct.

25. In a 2004 Examination under oath on October 11, 2005 and in connection with the case with fraudulent intent to deceive, Debtor swore that he lost 13 head of fat cattle to pneumonia and that a cow died later in August.

26. On information and belief, one or more of the foregoing statements is statements were false, known to be false and were made with intent to deceive creditors, including Bank.

27. As a result of such actions, Debtor should be denied a discharge under 11 U.S.C. §727(a) (4).

Count IV

(Denial of discharge under 11 U.S.C. §727(a)(5)

28. The allegations of Paragraph 1 through 26 hereof are incorporated herein by this reference.

29. Debtor has failed to satisfactorily explain the loss of cattle and other assets as listed on the written statements made August 9, 2004 and November 12, 2004.

30. Debtor should be denied a discharge under 11 U.S.C.§727(a)(5).

Count V

( Non-Dischargeabiltiy under 11 U.S.C. §523 (a)(6))

31. The allegations of Paragraph 1 through 30 hereof are incorporated herein by this reference.

32. Debtor is a livestock representative for Stockman's Livestock in Yankton South Dakota.

33. On information and belief, Debtor may have sold and disposed of collateral of the Bank without its consent or knowledge.

34. If the evidence shows sale of cattle without consent or knowledge of the Bank, then on information and belief, Bank alleges that Debtor has willfully converted, harmed and destroyed its property interest in said cattle.

35. If the evidence so establishes that Debtor willfully converted, harmed and destroyed Bank's property interest in said cattle, then Debtor's obligations to the Bank should be declared non-dischargeable under 11 U.S.C. §523 (a) (6).

Count VI

36. On August 10, 2004, Debtor made, executed, and delivered to Bank, Promissory Note 10110 in the principal sum of $9,200.00, a true and correct copy of which is attached hereto as Attachment B.

37. Bank advanced to Debtor, at Debtor's request the sum of $9,200.00 on August 10, 2004.

38. Bank is and has been the holder of said note at all times.

39. From time to time Debtor made payments on said Note and is entitled to credits thereon.

40. If Debtor's obligations on said Note should be declared non-dischargeable as set forth above, then Bank is entitled to judgment in its favor and as against Debtor for $6,257.13 plus accrued interest thereon at 8% per annum from and after July 19, 2005, less credit for any other payments made thereon or due thereon, plus for costs and attorneys fees as allowed by law.

COUNT VII

41. On November 12, 2004, Debtor made, executed, and delivered to Bank, Promissory Note 10110 in the principal sum of $25,000.00, a true and correct copy of which is attached hereto as Attachment F.

42. Bank advanced to Debtor, at Debtor's request the sum of $25,000.00 principal.

43. Bank is and has been the holder of said note at all times.

44. Debtor's obligations on said Note should be declared nondischargeable as set forth above.

45. If Debtor's obligations on said Note should be declared non-dischargeable as set forth above, then Bank is entitled to judgment in its favor and as against Debtor for $25,000.00 plus accrued interest thereon, less credit for any other payments made thereon or due thereon, plus for costs and attorneys fees as allowed by law.

WHEREFORE, Brunswick State Bank prays for judgment in its favor and against Douglas Dale Johnson as follows:

A. To determine that the debts due to Bank are not dischargeable under 11 U.S.C. §523 and are excepted from discharge thereunder.

B. To have all debts declared nondischargeable for under 11 U.S.C. §727 and for Debtor to be denied discharge thereon for the acts specified above.

C. For judgment upon the Notes plus interest thereon in accordance with law as set forth above.

D. For recovery of costs and attorneys fees in accordance with law.

BRUNSWICK STATE BANK, Creditor

BY: ______________________________

Victor E. Covalt III #16539
Ballew Schneider & Covalt
Attorneys at Law, PC LLO
P.O. Box 81229
Lincoln, NE 68501-1229
Tel: 402-436-3030
Fax: 402-436-3031
Its Attorneys

Loan Collateral Report to the Brunswick State Bank

| Borrower | Address |
|---|---|
| Doug Johnson | Lynch, Ne |
| Date 8-9-04 | |

LIVESTOCK

| No. head | Description | Weight Age | Value per lb. Per hd. | Extended dollars |
|---|---|---|---|---|
| 28 | Fat cattle | 850-1100# | 850 | |
| 3 | Feeder calves | 550# | 500 | |
| 1 pr | Cow/calf | | | 1100 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

GRAIN, HAY, FEED

| No. lbs or bu. | Description | Value per lb. Or bu. | Extended dollars |
|---|---|---|---|
| | | | |
| 10 ton | hay | 40.00 | |
| 3 ton | Straw | 30.00 | |
| | | | |
| | | | |
| | | | |
| | | | |

The undersigned represents and warrants that all of the property described in this report (front & back sides) is owned by the undersigned, free and clear of all encumbrances other than to the Brunswick State Bank.

[signature] Inspector/Witness

X [signature] Owner

Owner

To be completed by a bank loan officer

| Sec Agreement date | | Total debt to BSB |
|---|---|---|
| | | 34200.00 + int. |

| Financing Stmt original, extension, transition dates | Comments, calculations, etc. |
|---|---|
| | cattle all in good shape will have Fats ready to sell within 60 days |

Documents.InspectionStmts.xls

EXHIBIT A

ALL-STATE LEGAL®

| DOUG JOHNSON<br>PO BOX 352<br>LYNCH, NE 68746<br><br>BORROWER'S NAME AND ADDRESS<br>"I" includes each borrower above, jointly and severally. | Brunswick State Bank<br>314 Main St POB 131<br>Winnetoon, NE 68789<br><br>LENDER'S NAME AND ADDRESS<br>"You" means the lender, its successors and assigns. | Loan Number 100923<br>Date 08-10-2004<br>Maturity Date 07-20-2007<br>Loan Amount $ 9,200.00<br>Renewal Of 61111 |
|---|---|---|

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of nine thousand two hundred and no/100 Dollars $ 9,200.00

☒ **Single Advance:** I will receive all of this principal sum on 08-10-2004. No additional advances are contemplated under this note.

☐ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On ____ I will receive the amount of $____ and future principal advances are contemplated.

**Conditions:** The conditions for future advances are ____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on ____.

☐ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from 08-10-2004 at the rate of 8.000 % per year until 07-20-2007.

☐ **Variable Rate:** This rate may then change as stated below.

☐ **Index Rate:** The future rate will be ____ the following index rate: ____

☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

☐ **Frequency and Timing:** The rate on this note may change as often as ____.

A change in the interest rate will take effect ____.

☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than ____% or less than ____%. The rate may not change more than ____% each ____.

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:

☐ The amount of each scheduled payment will change. ☐ The amount of the final payment will change.

☐ ____

**ACCRUAL METHOD:** Interest will be calculated on a Actual/365 basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:

☐ on the same fixed or variable rate basis in effect before maturity (as indicated above).

☒ at a rate equal to the highest rate allowed by law.

☐ **LATE CHARGE:** If a payment is made more than ____ days after it is due, I agree to pay a late charge of ____

☐ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☐ are not included in the principal amount above: ____

**PAYMENTS:** I agree to pay this note as follows:

On demand, but if no demand is made then 34 monthly payments of $300.00 beginning 09-20-2004 and 1 balloon payment of $152.33 on 07-20-2007.

**ADDITIONAL TERMS:**

The minimum fee in lieu of interest will be $20.00

☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):

SECURITY AGREEMENT(S) & VEHICLES

(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

**PURPOSE:** The purpose of this loan is RENEWAL OF EQUIPMENT & '96 FORD PICKUP

**SIGNATURES:** I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2). I have received a copy on today's date.

Signature for Lender

DOUG JOHNSON

EXHIBIT B

ALL-STATE LEGAL®

**DEFINITIONS:** As used on page 1, "☒" means the terms that apply to this loan. "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW:** The law of the state in which you are located will govern this note. Any term of this note which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation. If any provision of this agreement cannot be enforced according to its terms, this fact will not affect the enforceability of the remainder of this agreement. No modification of this agreement may be made without your express written consent. Time is of the essence in this agreement.

**COMMISSIONS OR OTHER REMUNERATION:** I understand and agree that any insurance premiums paid to insurance companies as part of this note will involve money retained by you or paid back to you as commissions or other remuneration.

In addition, I understand and agree that some other payments to third parties as part of this note may also involve money retained by you or paid back to you as commissions or other remuneration.

**PAYMENTS:** Each payment I make on this note will first reduce the amount I owe you for charges which are neither interest nor principal. The remainder of each payment will then reduce accrued unpaid interest, and then unpaid principal. If you and I agree to a different application of payments, we will describe our agreement on this note. I may prepay a part of, or the entire balance of this loan without penalty, unless we specify to the contrary on this note. Any partial prepayment will not excuse or reduce any later scheduled payment until this note is paid in full (unless, when I make the prepayment, you and I agree in writing to the contrary).

**INTEREST:** Interest accrues on the principal remaining unpaid from time to time, until paid in full. If I receive the principal in more than one advance, each advance will start to earn interest only when I receive the advance. The interest rate in effect on this note at any given time will apply to the entire principal advanced at that time. Notwithstanding anything to the contrary, I do not agree to pay and you do not intend to charge any rate of interest that is higher than the maximum rate of interest you could charge under applicable law for the extension of credit that is agreed to here (either before or after maturity). If any notice of interest accrual is sent and is in error, we mutually agree to correct it, and if you actually collect more interest than allowed by law and this agreement, you agree to refund it to me.

**INDEX RATE:** The index will serve only as a device for setting the rate on this note. You do not guarantee by selecting this index, or the margin, that the rate on this note will be the same rate you charge on any other loans or class of loans to me or other borrowers.

**ACCRUAL METHOD:** The amount of interest that I will pay on this loan will be calculated using the interest rate and accrual method stated on page 1 of this note. For the purpose of interest calculation, the accrual method will determine the number of days in a "year." If no accrual method is stated, then you may use any reasonable accrual method for calculating interest.

**POST MATURITY RATE:** For purposes of deciding when the "Post Maturity Rate" (shown on page 1) applies, the term "maturity" means the date of the last scheduled payment indicated on page 1 of this note or the date you accelerate payment on the note, whichever is earlier.

**SINGLE ADVANCE LOANS:** If this is a single advance loan, you and I expect that you will make only one advance of principal. However, you may add other amounts to the principal if you make any payments described in the "PAYMENTS BY LENDER" paragraph below.

**MULTIPLE ADVANCE LOANS:** If this is a multiple advance loan, you and I expect that you will make more than one advance of principal. If this is closed end credit, repaying a part of the principal will not entitle me to additional credit.

**PAYMENTS BY LENDER:** If you are authorized to pay, on my behalf, charges I am obligated to pay (such as property insurance premiums), then you may treat those payments made by you as advances and add them to the unpaid principal under this note, or you may demand immediate payment of the charges.

**SET-OFF:** I agree that you may set off any amount due and payable under this note against any right I have to receive money from you.

"Right to receive money from you" means:

(1) any deposit account balance I have with you;
(2) any money owed to me on an item presented to you or in your possession for collection or exchange; and
(3) any repurchase agreement or other nondeposit obligation.

"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note.

If my right to receive money from you is also owned by someone who has not agreed to pay this note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement. Your right of set-off does not apply to an account or other obligation where my rights are only as a representative. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**REAL ESTATE OR RESIDENCE SECURITY:** If this note is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by the "Default" and "Remedies" paragraphs herein.

**DEFAULT:** I will be in default if any one or more of the following occur: (1) I fail to make a payment on time or in the amount due; (2) I fail to keep the property insured, if required; (3) I fail to pay, or keep any promise, on any debt or agreement I have with you; (4) any other creditor of mine attempts to collect any debt I owe him through court proceedings; (5) I die, am declared incompetent, make an assignment for the benefit of creditors, or become insolvent (either because my liabilities exceed my assets or I am unable to pay my debts as they become due); (6) I make any written statement or provide any financial information that is untrue or inaccurate at the time it was provided; (7) I do or fail to do something which causes you to believe that you will have difficulty collecting the amount I owe you; (8) any collateral securing this note is used in a manner or for a purpose which threatens confiscation by a legal authority; (9) I change my name or assume an additional name without first notifying you before making such a change; (10) I fail to plant, cultivate and harvest crops in due season if I am a producer of crops; (11) any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 C.F.R. Part 1940, Subpart G, Exhibit M.

**REMEDIES:** If I am in default on this note you have, but are not limited to, the following remedies:

(1) You may demand immediate payment of all I owe you under this note (principal, accrued unpaid interest and other accrued charges).
(2) You may set off this debt against any right I have to the payment of money from you, subject to the terms of the "Set-Off" paragraph herein.
(3) You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.
(4) You may refuse to make advances to me or allow purchases on credit by me.
(5) You may use any remedy you have under state or federal law.

By selecting any one or more of these remedies you do not give up your right to later use any other remedy. By waiving your right to declare an event to be a default, you do not waive your right to later consider the event as a default if it continues or happens again.

**COLLECTION COSTS AND ATTORNEY'S FEES:** I agree to pay all costs of collection, replevin or any other or similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law). To the extent permitted by the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

**WAIVER:** I give up my rights to require you to do certain things. I will not require you to:

(1) demand payment of amounts due (presentment);
(2) obtain official certification of nonpayment (protest); or
(3) give notice that amounts due have not been paid (notice of dishonor).

I waive any defenses I have based on suretyship or impairment of collateral.

**OBLIGATIONS INDEPENDENT:** I understand that I must pay this note even if someone else has also agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me alone, or anyone else who is obligated on this note, or any number of us together, to collect this note. You may do so without any notice that it has not been paid (notice of dishonor). You may without notice release any party to this agreement without releasing any other party. If you give up any of your rights, with or without notice, it will not affect my duty to pay this note. Any extension of new credit to any of us, or renewal of this note by all or less than all of us will not release me from my duty to pay it. (Of course, you are entitled to only one payment in full.) I agree that you may at your option extend this note or the debt represented by this note, or any portion of the note or debt, from time to time without limit or notice and for any term without affecting my liability for payment of the note. I will not assign my obligation under this agreement without your prior written approval.

**FINANCIAL INFORMATION:** I agree to provide you, upon request, any financial statement or information you may deem necessary. I warrant that the financial statements and information I provide to you are or will be accurate, correct and complete.

**NOTICE:** Unless otherwise required by law, any notice to me shall be given by delivering it or by mailing it by first class mail addressed to me at my last known address. My current address is on page 1. I agree to inform you in writing of any change in my address. I will give any notice to you by mailing it first class to your address stated on page 1 of this agreement, or to any other address that you have designated.

#100923 Doug Johnson — Matures 7-20-07

| DATE OF TRANSACTION | PRINCIPAL ADVANCE | BORROWER'S INITIALS (not required) | PRINCIPAL PAYMENTS | PRINCIPAL BALANCE | INTEREST RATE | INTEREST PAYMENTS | INTEREST PAID THROUGH |
|---|---|---|---|---|---|---|---|
| 7-19-05 | $ — | — | $ 262.90 | $ 6507.21 | 8 % | $ 49.92 | ?? |
| 8-23-05 | $ — | Ch | $ 250.08 | $ 6257.13 | 8 % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |

34 Monthly pymts of $300.00 Beg 9-20-04

Experian™ ©1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN 3/4/2002

#100923

| | | (not required) | | | | | THROUGH: |
|---|---|---|---|---|---|---|---|
| 8-9-04 | $ 9200.00 | | $ | $ 9200.00 | 8.00% | $ 84.69 | Pd |
| 9-21-04 | $ — | Cb | $ 215.31 | $ 8984.69 | 8 % | $ 59.08 | Pd |
| 10-21-04 | $ — | Cb | $ 240.92 | $ 8743.77 | 8 % | $ 68.99 | Pd |
| 11-26-04 | $ — | Cb | $ 231.01 | $ 8512.76 | 8 % | $ 57.84 | Pd |
| 12-27-04 | $ — | JN | $ 242.16 | $ 8,270.60 | 8 % | $ 54.38 | Pd |
| 1-26-05 | $ — | Cb | $ 245.62 | $ 8024.98 | 8 % | $ 47.49 | Pd |
| 2-22-05 | $ — | Ct | $ 252.51 | $ 7772.47 | 8 % | $ 52.81 | Pd |
| 3-25-05 | $ — | Cb | $ 247.19 | $ 7525.28 | 8 % | $ 46.18 | Pd 4.22.05 |
| 4.22.05 | $ — | Cb | $ 253.82 | $ 7271.46 | 8 % | $ 49.41 | Pd 5-23-05 |
| 5-23-05 | $ — | JN | $ 250.59 | $ 7,020.87 | 8 % | $ 49.24 | Pd |
| 6-24-05 | $ | | $ 250.76 | $ 6,770.11 | 8 % | $ 37.10 | Pd |

34 Monthly pymts of $300.00 Beg 9-2004

Expere ©1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN 3/4/2002

| DEBTOR NAME AND ADDRESS | SECURED PARTY NAME AND ADDRESS |
|---|---|
| DOUGLAS O. JOHNSON<br>5TH DAVID ST PO BOX 352<br>LYNCH, NE 68746<br><br>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 | Brunswick State Bank<br>314 Main St. POB 131<br>Winnetoon, NE 68789 |

Type: ☒ individual ☐ partnership ☐ corporation ☐ ______________
State of organization/registration (if applicable) NE ______________
☐ If checked, refer to addendum for additional Debtors and signatures.

## COMMERCIAL SECURITY AGREEMENT

The date of this Commercial Security Agreement (Agreement) is 08-11-2004 ______________.

**SECURED DEBTS.** This Agreement will secure all sums advanced by Secured Party under the terms of this Agreement and the payment and performance of the following described Secured Debts that (check one) ☒ Debtor ☐ ______________ (Borrower) owes to Secured Party:

☐ **Specific Debts.** The following debts and all extensions, renewals, refinancings, modifications, and replacements (describe):

☒ **All Debts.** All present and future debts, even if this Agreement is not referenced, the debts are also secured by other collateral, or the future debt is unrelated to or of a different type than the current debt. Nothing in this Agreement is a commitment to make future loans or advances.

**SECURITY INTEREST.** To secure the payment and performance of the Secured Debts, Debtor gives Secured Party a security interest in all of the Property described in this Agreement that Debtor owns or has sufficient rights in which to transfer an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products of the Property. "Property" includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property. "Proceeds" includes anything acquired upon the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising from the Property; and any collections and distributions on account of the Property. This Agreement remains in effect until terminated in writing, even if the Secured Debts are paid and Secured Party is no longer obligated to advance funds to Debtor or Borrower.

**PROPERTY DESCRIPTION.** The Property is described as follows:

☒ **Accounts and Other Rights to Payment:** All rights to payment, whether or not earned by performance, including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned. This includes any rights and interests (including all liens) which Debtor may have by law or agreement against any account debtor or obligor of Debtor.

☒ **Inventory:** All inventory held for ultimate sale or lease, or which has been or will be supplied under contracts of service, or which are raw materials, work in process, or materials used or consumed in Debtor's business.

☒ **Equipment:** All equipment including, but not limited to, machinery, vehicles, furniture, fixtures, manufacturing equipment, farm machinery and equipment, shop equipment, office and record keeping equipment, parts, and tools. The Property includes any equipment described in a list or schedule Debtor gives to Secured Party, but such a list is not necessary to create a valid security interest in all of Debtor's equipment.

☒ **Instruments and Chattel Paper:** All instruments, including negotiable instruments and promissory notes and any other writings or records that evidence the right to payment of a monetary obligation, and tangible and electronic chattel paper.

☒ **General Intangibles:** All general intangibles including, but not limited to, tax refunds, patents and applications for patents, copyrights, trademarks, trade secrets, goodwill, trade names, customer lists, permits and franchises, payment intangibles, computer programs and all supporting information provided in connection with a transaction relating to computer programs, and the right to use Debtor's name.

☒ **Documents:** All documents of title including, but not limited to, bills of lading, dock warrants and receipts, and warehouse receipts.

☒ **Farm Products and Supplies:** All farm products including, but not limited to, all poultry and livestock and their young, along with their produce, products, and replacements; all crops, annual or perennial, and all products of the crops; and all feed, seed, fertilizer, medicines, and other supplies used or produced in Debtor's farming operations.

☒ **Government Payments and Programs:** All payments, accounts, general intangibles, and benefits including, but not limited to, payments in kind, deficiency payments, letters of entitlement, warehouse receipts, storage payments, emergency assistance and diversion payments, production flexibility contracts, and conservation reserve payments under any preexisting, current, or future federal or state government program.

☒ **Investment Property:** All investment property including, but not limited to, certificated securities, uncertificated securities, securities entitlements, securities accounts, commodity contracts, commodity accounts, and financial assets.

☒ **Deposit Accounts:** All deposit accounts including, but not limited to, demand, time, savings, passbook, and similar accounts.

☐ **Specific Property Description:** The Property includes, but is not limited by, the following (if required, provide real estate description):

**USE OF PROPERTY.** The Property will be used for ☐ personal ☐ business ☒ agricultural ☐ ______________ purposes.

**SIGNATURES.** Debtor agrees to the terms on pages 1 and 2 of this Agreement and acknowledges receipt of a copy of this Agreement.

| DEBTOR | SECURED PARTY |
|---|---|
| [signature]<br>DOUGLAS O. JOHNSON | Brunswick State Bank<br>[signature] |

EXHIBIT C
ALL-STATE LEGAL®

Mon Aug 30 2004 02:23:56

# UCC Filing Results

This UCC Initial Financing Statement has been successfully filed with the Secretary of State's Office. Please print this page as your Acknowledgement of Filing.

### Secretary of State Filing Number: 9804211355-9

Filed in Nebrask@ Online on 08/30/2004 02:23 PM

**Debtor(s)**

- DOUGLAS D JOHNSON (Individual)
  SSN/FTIN: 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
  5TH DAVID ST PO BOX 352
  LYNCH, NE 68746

**Secured Party(s)**

- BRUNSWICK STATE BANK #221 (Entity)
  314 MAIN ST. POB 131
  WINNETOON, NE 68789

**Collateral:**

Personal property described as follows: Accounts and Other Rights to Payment, Inventory, Equipment, Instruments and Chattel Paper, General Intangibles, Documents, farm Products and Supplies, Government Payments and Programs, Investment Property, Deposit Accounts.

**Actions**

| Description | Filing Date | Document Number | Number Of Pages In Image |
|---|---|---|---|

---

Please click here to continue. Do **NOT** press the Back button – you risk attempting to file this Financing Statement again.

Page 1

# Nebraska Effective Financing Statement EFS-1

This Statement must be typed. Illegible forms will be returned without filing.

**1. DEBTOR - IF INDIVIDUAL**
Name (Last, First, MI): JOHNSON, DOUGLAS D.
Mailing Address: 5TH DAVID ST PO BOX 352
City: LYNCH State: NE Zip Code: 68746
Soc. Sec. No. or Fed. Tax I.D. No.: 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

**2. ADDITIONAL DEBTOR - IF INDIVIDUAL**
Name (Last, First, MI)
Mailing Address
City State Zip Code
Soc. Sec. No. or Fed. Tax I.D. No.

9904346975-7
JOHNSON DOUGLAS D.
Filed: 08/23/2004 11:42 AM

FILING FEE 35.00

**3. ADDITIONAL DEBTOR - IF INDIVIDUAL**
Name (Last, First, MI)
Mailing Address
City State Zip Code
Soc. Sec. No. or Fed. Tax I.D. No.

**4. ADDITIONAL DEBTOR - IF ENTITY**
Name (Last, First, MI)
Mailing Address
City State Zip Code
Soc. Sec. No. or Fed. Tax I.D. No.

**5. SECURED PARTY**
Name (Last, First, MI): Brunswick State Bank 221
Mailing Address: 214 Main St. POB 131
City: Winnetoon State: NE Zip Code: 68789
Soc. Sec. No. or Fed. Tax I.D. No.

**6. PRODUCTS SUBJECT TO SECURITY INTERESTS** (see instructions) A separate line must be used for each product, year and county.
The secured party has a security interest in the following farm products and proceeds of the Debtor.

| Product Code | Product Name | Crop Year | County Code | County Name | Product Description When Less Than All of Product is Covered by Security Interest |
|---|---|---|---|---|---|
| 101 | CORN | | 83 | BOYD | |
| 104 | SOYBEANS | | 83 | BOYD | |
| 118 | HAY | | 83 | BOYD | |
| 201 | CATTLE & CALVES | | 83 | BOYD | |

All amounts/quantities of farm products listed, unless otherwise designated above, located or produced in the counties designated above, are subject to the secured party's security interest unless a specific crop year is indicated, this Statement is applicable for every crop year for the duration of this statement and any continuation thereof.

Signature(s) of Debtor(s) below:
DOUGLAS D. JOHNSON

Signature of Secured Party below:
Brunswick State Bank
By

To be filed with: Nebraska Secretary of State
UCC Division
PO Box 95104
Lincoln, NE 68509

FIRST COPY - UCC DIV. SECOND COPY - SECURED PARTY THIRD COPY - DEBTOR
Bankers Systems, Inc., St. Cloud, MN Form EFS-1-LAZ-NE 2/8/2002
Revised by the Secretary of State 2/99
(page 1 of 1)

Statement of Assets and Liabilities and Loan Application presented to the BRUNSWICK STATE BANK

| Name | DOB | Name | DOB |
|---|---|---|---|
| Douglas D. Johnson | 1-23-69 | | |
| SS# 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 | DL# G12007213 | SS# D.O.E. 1-22-01- | DL# Exp. 1-23-06 |
| Address 5th David St. PoBox 352 Lynch, Nebr. | | | AS OF DATE 11-12-04 |

You are requested to complete the following statement about your assets and liabilities. Disclose all liabilities regardless of when they are payable. Please be thoughtful about the completion of this statement. A bank officer may help you in completion of this statement, but you are responsible for the correctness and truthfulness of all dollar values and other information given herewith.

## ASSETS

**Current Assets**

| | |
|---|---|
| Bank deposits | 1500.– |
| | |
| | |
| Money owed to you by others | |
| | |
| | |
| Livestock, grain, feed, supplies, inventory | |
| 35 - Fat. Cattle 650 lbs @ .75 | 26250.– |
| | |
| 30 Tons hay @ 45 | 1350.– |
| 25 Tons Straw @ 20 | 500.– |
| Corn + Commo | 1500.– |
| | |
| | |
| Other current assets | |
| | |
| Total Current Assets $ | 31,100.– |
| Breeding livestock | |
| | |
| | |
| | |
| Real estate (see backside) | 7500.– |
| Licensed vehicles & trailers (see backside) | 10,500.– |
| Machinery & equipment (see backside) | 3000.– |
| WAges - 21,000. | |
| Total Assets $ | 52,100.– |

## LIABILITIES

**Current Liabilities (those due within one year of this statement)**

| | |
|---|---|
| Short term loans at BSB | 20,000.– |
| Accrued interest on loans at BSB | 150.– |
| Other loans or open accounts | |
| Unpaid medical expenses | |
| Unpaid credit card debt | -0- |
| RE & PP taxes, not delinquent | |
| RE & PP taxes, delinquent | |
| Federal & state income taxes Estimated Actual | |
| Principal of long term liabilities due in 1 year | |
| Accrued interest on long term liabilities | |
| Total Current Liabilities $ | 20,150.– |

| Long term liabilities | Total debt | Current part | |
|---|---|---|---|
| BSB | 8750.– | 500.– | 8750.– |
| | | | |
| Total Liabilities | | | $ 28,900.– |
| Assets less liabilities (net worth) | | | $ 23,200.– |

**EQUAL CREDIT OPPORTUNITY NOTICE**

Were your gross revenues $1,000,000 or less in the previous fiscal year. YES ✓ NO ____

If you answered "yes" and the Creditor denies your application for credit, you have the right to a written statement of the specific reasons for the denial. To obtain the statement please contact the **President Brunswick State Bank POB 29 Brunswick, NE 68720** within 60 days from the date you are notified of the Creditor's decision. The Creditor will send you a written statement of reasons for the denial within 30 days of receiving your request.

This information and information provided on all accompanying statements and schedules is provided for the purpose of obtaining credit for the Applicant(s) or for the purpose of the Applicant(s) guaranteeing credit for others. Applicant(s) acknowledge that representations made in this statement will be relied on by the Creditor in its decision to grant such credit. This Statement is true and correct in every detail and accurately represents the financial condition of the Applicant(s) on the date stated above. Applicant(s) are aware that any knowing or willful false statements regarding the value of the above property or understatement or ommission of liabilities for purposes of influencing the actions of Creditor can be a violation of law and may result in a fine or imprisionment or both.

Creditor is authorized to make all inquiries it deems necessary to verify the accuracy of the information contained herein and to determine the creditworthiness of the Applicant(s). Applicant(s) will promptly notify Creditor of any subsequent changes which would affect the accuracy of this Statement. Creditor is further authorized to answer any question about Creditor's credit experience with Applicant(s). In addition, each individual signing below authorizes the Creditor to check their individual credit account and have a credit reporting agency prepare a credit report on them.

The undersigned declares the he/she has read and understands the statements above.

| | | | |
|---|---|---|---|
| Applicant [signature] | Date 11-12-04 | Applicant | Date 11-12-04 |
| Witness [signature] | | Witness | |

H:\my documents\Bank forms\Statement of A&L Comm or Ag 2Statement of A&L Comm or Ag 2

ALL-STATE LEGAL® EXHIBIT F

| DOUG JOHNSON<br>PO BOX 2<br>LYNCH, NE 68746<br><br>**BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and severally. | Brunswi ate Bank<br>314 Main St POB 131<br>Winnetoon, NE 68789<br><br>**LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | 101100<br>Loan Number<br>Date 11-12-2004<br>Maturity Date 11-12-2005<br>Loan Amount $ 25,000.00<br>Renewal Of 100378 |
|---|---|---|

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of twenty five thousand and no/100 Dollars $ 25,000.00

☐ **Single Advance:** I will receive all of this principal sum on ______. No additional advances are contemplated under this note.

☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On 11-12-2004 I will receive the amount of $20,000.00 and future principal advances are contemplated.

**Conditions:** The conditions for future advances are ______

☒ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on 11-12-2005.

☐ **Closed End Credit:** You and I agree that I may borrow up to the maximum amount only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from 11-12-2004 at the rate of 7.500 % per year until 11-13-2004.

☒ **Variable Rate:** This rate may then change as stated below.

☒ **Index Rate:** The future rate will be 0.500 percent above the following index rate: Lender's refernce rate. The result of this calculation will be rounded to the nearest 0.125

☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

☒ **Frequency and Timing:** The rate on this note may change as often as every day beginning 11-13-2004.

A change in the interest rate will take effect On the same day.

☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than ______% or less than ______%. The rate may not change more than ______% each ______.

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:

☐ The amount of each scheduled payment will change. ☒ The amount of the final payment will change.

☐ ______

**ACCRUAL METHOD:** Interest will be calculated on a Actual/365 basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:

☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).

☐ at a rate equal to ______

☐ **LATE CHARGE:** If a payment is made more than ______ days after it is due, I agree to pay a late charge of ______

☐ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☐ are not included in the principal amount above: ______

**PAYMENTS:** I agree to pay this note as follows:

On demand, but if no demand is made then interest on the amount of credit outstanding due at maturity and principal due on 11-12-2005.

**ADDITIONAL TERMS:**

The minimum fee in lieu of interest will be $20.00

☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):

SECURITY AGREEMENT(S) & VEHICLES

(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

**PURPOSE:** The purpose of this loan is RENEWALS & OP

**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2).** I have received a copy on today's date.

Signature for Lender

DOUG JOHNSON

EXHIBIT G

ALL-STATE LEGAL®

Experi © 1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN 3/4/2002

Name Doug Johnson DDA 48-386-8 Maximum $ 25,000.00 Maturity 11-12-05

#101100

| Purpose or Source | Handled By | Date | Rate | Amount Advanced | Amount of Payment | Principal Balance | Days Out | Interest Earned | Total Interest |
|---|---|---|---|---|---|---|---|---|---|
| OP | GV | 11-12-04 | 7.50 | 20,000.00 | | 20,000.00 | | 41.10 | Acc Int |
| 4 Steers | [illegible] | 11.22.04 | 7 1/2 | 2000.00 | | 22,000.00 | 15 | 67.80 | 108.90 Acc Int |
| 1 Steer | [illegible] | 12.7.04 | 7 1/2 | 500.00 | | 22,500.00 | 13 | 60.11 | 169.01 Acc Int |
| 1 Steer | [illegible] | 12.20.04 | 7 1/2 | 500.00 | | 23,000.00 | 3 | | 178.46 Acc |
| op | [illegible] | 12.22.04 | 7 1/2 | 500- | | 23 500- | 27 | 130.38 | 308.84 Acc Int |
| Operating | [illegible] | 1.18.05 | 7 1/2 | 500.00 | | 24,000.00 | 7 | 34.52 | 343.36 Acc Int |
| operating | [illegible] | 1.25.05 | 7 1/2 | 1000.00 | | 25,000.00 | | | |

B 104 (Rev. 2/92)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Brunswick State Bank | Douglas Dale Johnson |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Victor E. Covalt III<br>P.O. Box 81229<br>Lincoln, NE 68501-1229<br>(402) 436-3030 | ATTORNEYS (If Known)<br>Ronald Albin<br>P.O. Box 1326<br>Norfolk, NE 68702 |

**PARTY** (Check one box only) ☐ 1 U.S. PLAINTIFF ☐ 2 U.S. DEFENDANT ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) Non-Dischargeable Debt 11 U.S.C. 523(a)(2)
(2) Non-Dischargeable Debt 11 U.S.C. 523 (a)(2)
(3) Denial of Discharge 11 U.S. C. 727 (a) (4)
(4) Denial of Discharge 11 U.S.C. 727 (a)(5)
(5) Non-Dischargeable Debt 11 U.S.C. 523 (1)(6)
(6) Action on Note - State Law
(7) Action on Note - State Law

## NATURE OF SUIT
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☑ 424 To object or to revoke a discharge 11 U.S.C. § 727
☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.) ☑ 1 Original Proceeding ☐ 2 Removed Proceeding ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|
| $ 31,257.00 | Denial of Discharge | Check only if demanded in complaint |

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
|---|---|---|
| Douglas Dale Johnson | BK 05-43452 | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| Nebraska | | Timothy J. Mahoney |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
| | | |

**FILING FEE** (Check one box only.) ☑ FEE ATTACHED ☐ FEE NOT REQUIRED ☐ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|
| 12-06-2005 | Victor E. Covalt III, Attorney at Law | [signature] |

B 104

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties.** Give the names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause of action fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, Fed. R. Civ. P., as made applicable by Rule 7023, Fed. R. Bankr. P.

**Demand.** In this space enter the dollar amount being demanded in the complaint. If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, sueh as injunction or foreclosure of a mortgage.

**Jury Demand.** Check the box only if a jury trial is demanded in the complaint.

**Bankruptcy Case in Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not presented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.