IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | Case No. BK 05-43452 |
| ) | |
| Douglas Dale Johnson ) | (Chapter 7) |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

| | |
|---|---|
| Brunswick State Bank, ) | A05- 4103 |
| Plaintiff, ) | |
| vs. ) | MOTION TO |
| ) | APPROVE SETTLEMENT |
| Douglas Dale Johnson, ) | AGREEMENT AND MOTION |
| Defendant. ) | FOR ENTRY OF JUDGMENT |

Brunswick State Bank hereby moves the Court pursuant to Bankruptcy Rule 7041 and Local Rule 7041-1, to approve the Stipulation and Settlement Agreement as filed herewith. In support of such Motion, Brunswick State Bank shows the Court:

1. This is an Adversary proceeding for objection to discharge and dischargability of indebtedness based upon a disappearance of or unaccountability for collateral pledged to the Bank to support the two loans in question.

2. This action was commenced in a timely manner and answer has been made thereto and discovery has been conducted.

3. The Court has jurisdiction under 28 U.S.C.§1334. Venue is proper under 28 U.S.C. §1409. This is a core proceeding under 28 U.S.C. §157(b)(2)(I)(J).

4. Under the Settlement Agreement the parties have stipulated to entry of a judgment by the Court in the Adversary proceeding in favor of the Bank and against Douglas Dale Johnson on Count II and County VII of the Complaint for a monetary

judgment in the amount of $19,984.99 plus interest of $2,203.39, plus continuing interest after February 2, 2006 at the rate of 7.5% per annum and $175.00 costs.

5. Further, said judgment is to determine that the indebtedness is not dischargeable and will not be discharged in this proceeding under 11 U.S.C. §523(a)(2). All other counts as set forth in the Complaint under 11 U.S.C. §727 and 11 U.S.C. §523 are dismissed. Debtor is therefore eligible for a general discharge except as to the two loans in question which have to be declared not discharged.

6. The Bank has agreed to accept time payments to satisfy this indebtedness in exchange for forbearance of immediate collection.

7. All consideration for the settlement is disclosed in the Stipulation and Settlement Agreement.

8. This Settlement is in the best interest of the parties and the Estate and allows the bankruptcy to be closed.

WHEREFORE, Brunswick State Bank prays for an order approving the Stipulation and Settlement Agreement and entering the Judgment in accordance with the terms thereof.

BRUNSWICK STATE BANK, Creditor

BY: /s/ Victor E. Covalt III
Victor E. Covalt III #16539
Ballew Schneider & Covalt
Attorneys at Law, PC LLO
P.O. Box 81229
Lincoln, NE 68501-1229
Tel: 402-436-3030
Fax: 402-436-3031
Its Attorneys

## NOTICE OF OBJECTION RESISTANCE DEADLINE

Pursuant to Neb. R. Bank. P. Rules 7041-1, 9013-1, 9014-1, 9017-1 and 9019-1 and Bank. Rules 7041, 9013, 9014 and 9019 you are hereby notified that the last day to file and serve a Resistance or Objection to the foregoing Motion for Approval of Stipulation and Settlement Agreement and Entry of Judgment is April 4, 2006. Any Objection or Resistance must be in writing, must specify the factual or legal basis therefore, and must be filed with the Court and served upon the undersigned on or before the date set forth above. Such Objection/Resistance must comply with Neb. R. Bankr. Rule 9013.If no Objection or Resistance is timely filed and served, then the Court will consider and decide the Motion and enter an order thereon without further notice of hearing.

By:  /s/ Victor E. Covalt III
Victor E. Covalt III  #16539

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a true and correct copy of the foregoing Motion to Approve Settlement Agreement and Notice of Objection/Resistance Deadline, and Certificate of Service and a copy of the Stipulation and Settlement Agreement upon all persons listed below by U.S. First Class Mail, postage prepaid and properly addressed or by electronic means on this 15th day of March, 2006.

Ronald J. Albin    albinlaw@inebraska.com,

Victor E. Covalt    vcovalt@bsclawfirm.com, cwaples@bsclawfirm.com

Patricia Fahey    ustpregion13.om.ecf@usdoj.gov

John A. Wolf    jawbk@cccusa.net, jwolf@ecf.epiqsystems.com

Douglas Dale Johnson, P.O. Box 121, Lynch, NE 68746-0121 (by mail)

/s/ Victor E. Covalt III
Victor E. Covalt III  #16539

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. BK 05-43452 |
| | ) | |
| Douglas Dale Johnson, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| Brunswick State Bank, | ) | A05- 04103 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Douglas Dale Johnson, | ) | |
| Defendant. | ) | |

## STIPULATION AND SETTMENT AGREEMENT

Brunswick State Bank, Plaintiff and Creditor, and Douglas Dale Johnson, Defendant and Debtor, stipulate that the following recitals and statements of fact and law are true and correct and establish the basis for the settlement agreement set forth below:

A.  Brunswick State Bank is a state chartered banking institution doing business in Brunswick, Antelope County, Nebraska [hereinafter "Bank"].

B.  Debtor Douglas Dale Johnson, is an individual residing in Boyd County, Nebraska [hereinafter "Debtor"].

C.  For good and valuable consideration on August 10, 2004, Debtor made, executed and delivered to Bank promissory note no. 100923 in the principal amount of $9,200.00 plus interest and costs for a loan and extension of credit in accordance with its terms.

D.  For good and valuable consideration on November 12, 2004, Debtor made, executed and delivered promissory note no. 101100 in the principal amount of $25,000.00 plus interest and costs for a loan and extension of credit in accordance with its terms.

E.  Both notes were secured by the security interests in personal property under written security agreements for which financing statements and effective financing statements were properly filed in a timely manner.

1

F. On August 29, 2005, Debtor commenced a voluntary Chapter 7 bankruptcy by voluntary petition as In Re Douglas Dale Johnson, 05-43452 (BKR. D. Neb) [hereinafter referred to as "Bankruptcy Case"] now pending in the United States Bankruptcy Court for the District of Nebraska [hereinafter referred to as "Bankruptcy Court"].

G. On December 6, 2005, Bank timely filed the above captioned adversary proceeding against Debtor as Brunswick State Bank v. Johnson A05-04103 (Bkr. D. Neb.) [Hereinafter referred to as "Adversary Proceeding"], seeking denial of discharge under 11 U.S.C. §727 and a denial of dischargeability as to two notes made by Johnson and delivered to Bank under 11 U.S.C. §523(a)(2), (5) and (6). Debtor, by Amended Answer filed January 20, 2006, has appeared and answered and denied the allegations of the complaint.

H. This Court has jurisdiction over the Adversary Proceeding under 28 U.S.C. §1334. Venue is proper under 28 U.S.C. §1409. This is a core proceeding under 28 U.S.C. §157(d)(2)(I) and (J).

I. Upon motion for relief duly granted in the Bankruptcy Case, Bank has repossessed and sold certain cattle and personal property and has properly applied the proceeds to pay promissory note no. 100923 in full and to partially pay promissory note no. 101100. Debtor agrees that all such actions to reposes and sell the collateral were commercially reasonable, that he received all required notices, and all proceeds from the sale of such collateral has been properly accounted for and applied. All collateral has been liquidated and no other collateral secures the Debtor's remaining indebtedness to the Bank.

J. As of February 2, 2006, after due and proper application of all proceeds from the sale of collateral and proper credit has been given for all other payments made thereon or credits due to Debtor, Debtor remains indebted to the Bank on promissory note no. 101100 for the unpaid principal sum of $19,984.99 plus accrued interest of $2,203.39 with continuing interest thereon accruing at the rate of 7.5% per annum.

K. Both parties agree and acknowledge that there is good and sufficient factual and legal basis of the allegations in the Adversary Proceeding; that the factual matters at issue are disputed; that the parties desire to avoid the additional costs expense and risks of litigation and desire to settle there dispute in accordance with the terms hereof; and that this agreement and these recitals set forth all the consideration for the promises and covenants set forth below.

## SETTLEMENT AGREEMENT

Now therefore, in express reliance upon the foregoing stipulations and for good and valuable consideration, the sufficiency of which is hereby acknowledged, Bank and Debtor agree, promise, covenant, and represent:

1. The parties stipulate to entry of a judgment by the Bankruptcy Court in the Adversary Proceeding in favor of Bank and against Debtor, Douglas Dale Johnson, on

Count II and Count VII of the complaint for a monetary judgment on promissory note no 101100 dated November 12, 2004 for the principal balance of $19,984.99 plus accrued interest of $2,203.39 plus continued interest after February 2, 2006 at the rate of 7.5% per annum on the principal balance plus $175 as cost of this lawsuit and that said sums and said judgment are and will thereby be declared to be not dischargeable and not discharged under 11 U.S.C. §523 (a) (2).

2.     The parties stipulate to entry of a judgment by the Bankruptcy Court in the Adversary Proceeding that Count I and VI are and shall be dismissed with prejudice as moot by reason of the sale of collateral and repayment of the promissory note no. 100923.

3.     The parties stipulate to entry of a judgment by the Bankruptcy Court in the Adversary Proceeding that Counts III, IV, and V are dismissed with prejudice, at Debtor's costs.

4.     Bank may cause and request transfer of said judgment as entered in the Adversary Proceeding to become a judgment of record of the United States District Court for the District of Nebraska and Debtor shall consent to entry thereof as a record judgment and waives all further notice or hearing thereon. Bank shall also be entitled to thereafter transfer and transcribe the judgment as entered by the Bankruptcy Court or the District Court to any other court of record by proper procedure and Debtor consents thereto and waives further notice or hearing thereon.

5.     Except for the right to transfer and transcription of the judgment as specified the above and the issues of such executions as necessary to keep such judgment valid and effective as a judgment, Bank agrees to forebear further collection upon such judgment, so long as, and upon the express condition that, Debtor makes all payments in a timely manner in accordance with paragraph 6 below, time being the absolute essence of this agreement to forebear.

6.     Debtor hereby agrees, promises, and covenants to pay the amount of the judgment as set forth in paragraph 1 above (in the principal balance of $19,984.99 plus accrued interest of $2,203.39 plus continued interest after February 2, 2006 at the rate of 7.5% per annum on the principal balance computed upon actual days elapsed on a 365 day year basis plus $175.00 as cost of this lawsuit) by making seventy-one (71) monthly payments of $350.00 per month with the first such payment becoming due the 15th day of March 2006 and with 70 additional like payments of $350.00 each due on the 15th day of each month thereafter with a final balloon payment due on the 15th day of February, 2012 of all amounts remaining then due and unpaid (in the estimated and approximate amount of $3,953.06 plus $175.00 as costs of this suit). Debtor may make pre-payments on this obligation but such pre-payments shall be applied to the last monthly payments due in reverse order (excluding the balloon payment) and shall not excuse the payment of the next monthly payment. This paragraph and this agreement shall be considered a loan modification and extension agreement related to Promissory Note No. 101100 and, except as specifically modified hereby and by 11 U.S.C. §552, all terms and conditions of said note are incorporated herein and renewed hereby.

3

7. Bank further agrees that if Debtor shall make each and every one of the seventy one (71) monthly payments required by paragraph 6 on or before when due, the Bank shall forgive the final balloon payment and shall provide Debtor with satisfaction of judgments to be filed by Debtor and shall mark the Promissory Note no. 101100 as paid in full. Any failure to make one or more monthly payments to Bank in a timely manner shall be the occurrence of an express condition which shall excuse Bank at its option from its contractual duty to forgive the balloon payment even if Bank takes no other action to enforce its rights and even if Bank thereafter accepts late payments or additional monthly payments.

8. If Debtor shall fail to make one or more of the monthly payments on or before when due, time being of the essence hereof, then Bank shall also be entitled to enforce said judgment for the full amount thereof less payments received prior thereto; that all amounts shall be immediately due and payable in full; and Bank shall be entitled and permitted to execute upon any and all property of Debtor including by garnishment or any other remedy until the judgment and all interest and costs are collected in full.

9. All payments shall be deemed made for the purposes of this agreement when actually received by the Bank at its place of business in Brunswick, Nebraska. Payments made by check will be so credited unless the check is not paid and settled through ordinary banking collection practices upon the first presentation. Bank may accept one or more payments after the date when said payment was due, but such acceptance shall not waive the Bank's right to insist that all future payments must be made or before the date when due and shall not waive its rights under paragraph 8 above.

10. This Agreement shall be subject to and conditioned upon the approval by Bankruptcy Court and entry of judgment in accordance herewith. The parties shall promptly move for approval of this Agreement under Bankruptcy Rule 7041 and Local Rule 7041-1 with notice to the Chapter 7 trustee and the United States Trustee upon notice of objection/resistance deadline and an opportunity for hearing. All parties hereto agree to cooperate to advocate, support, and obtain approval of this agreement and each party hereto shall take no action to resist, object to, or prevent entry, vacate, cause reconsideration of, or appeal from any Final Order approving this agreement. For the purpose of this agreement, the term "Final Order" means an order approving this Agreement and all terms, conditions and releases contained herein in its entirety and without modification, exception or reservation whatsoever when it becomes final either because no appeal thereof is timely filed, or, if an appeal is taken, then when judgment upon the mandate from the appellate court is entered and the time allowed for further appeal or for filing a petition of certiorari thereupon has expired. If the Bankruptcy Court attempts to modify this Agreement or impose any further condition or term upon either party as a part of approval of this Agreement, then either party may unilaterally withdraw from this Agreement and proceed with litigation upon the Adversary Proceeding as if this Agreement had not been signed and this Agreement from which a party has withdrawn under this provision shall thereafter be excluded from evidence under Fed. R. Evid. Rule 408 or any similar evidentiary rule.

4

11. Effective upon entry of Final Order approving this Agreement and as a part of the consideration supporting this Agreement, Bank for itself, and for its predecessors, successors, affiliates, officers, directors, employees, agents and assigns hereby absolutely and unconditionally release and forever discharge the Douglas Dale Johnson from any and all claims, demands, obligations and rights for relief in law, in equity or otherwise, arising directly or indirectly out of or in any way prior dealings of the parties, the Adversary Proceeding, or based upon the subject matter thereof, or which may be based upon or connected with any of the matters of law or fact raised in regard thereto including claims for attorney's fees, except as expressly provided herein.

12. Effective upon entry of Final Order approving this Agreement and as a part of the consideration supporting this Agreement, Douglas Dale Johnson, for himself and his successors and assigns, hereby absolutely and unconditionally release and forever discharge the Bank and its successors, affiliates, officers, directors, employees, attorneys, agents and assigns from any and all claims, demands, obligations and rights for relief in law, in equity or otherwise, arising directly or indirectly out of or in any way prior dealings of the parties, the Adversary Proceeding, or based upon the subject matter thereof, or which may be based upon or connected with any of the matters of law or fact raised in regard thereto including claims for attorney's fees except as expressly provided herein.

13. Notwithstanding any of the foregoing paragraphs 11 and 12, nothing herein contained shall be deemed as or construed as a release or discharge of obligations, duties, covenants, representations, promises and agreements set forth herein which shall survive hereafter and shall be enforceable notwithstanding the releases set forth above.

14. Each party acknowledges and agrees that this is a compromise settlement of disputed claims and that the promises and payments made in consideration for this Agreement shall not be construed to be an admission of any liability or responsibility whatsoever or of any matter of fact or law raised, asserted or alleged in regard to the subject matter hereof.

15. This Agreement contains the entire agreement of the parties with regard to the matters herein set forth and the terms hereof are contractual and are not a mere recital. This Agreement can be modified only by a writing signed by both parties. A waiver of any term hereunder or performance hereunder shall only be enforceable if set forth in a writing signed by the party against whom the waiver is to be enforced. This Agreement shall be governed by and construed in accordance with the laws of the State of Nebraska except to the extent as it may be subject to Federal Bankruptcy Law under Title 11 U.S.C., in which case, such law will govern. This Agreement may be executed and delivered by email or facsimile, which shall be accepted as an original and all party agree that exact photo copies hereof shall be accepted into evidence as if it were an original, provided that Debtor shall deliver one originally signed copy to Bank for its Bank record purposes.

IT IS SO AGREED effective upon the date of the last signature as set forth below and binding upon approval of the Bankruptcy Court as provided above.

BRUNSWICK STATE BANK, Creditor

Dated ___3/14___, 2006   By _____

Jerry Lueders, President

Dated ___3-3-___, 2006   _____
Douglas Dale Johnson, Debtor

DOUGLAS DALE JOHNSON, Defendant

By _____
Ronald J. Albin, #15002
P.O. Box 1326
Norfolk, NE 68702
402-371-2529
His Attorney

BRUNSWICK STATE BANK, Plaintiff

By: _____
Victor E. Covalt III  #16539
Ballew Schneider Covalt, Gaines, & Engdahl, PC, LLO
P.O. Box 81229
Lincoln, NE 68501-1229
Tel:   402-436-3030
Fax:   402-436-3031
Its Attorneys

6